Good afternoon. You may please accord, counsel. My name is Alexander Munches. I'm with the Office of the State Appellate Defender, and I represent Mr. Samuel Coker. We are here today following the dismissal of Mr. Cobin's petition at the first stage of post-conviction proceedings. On appeal, the parties primarily disagree about the contents of Mr. Cobin's Mr. Cobin is not a lawyer. So, consistent with Supreme Court precedent, appellate counsel has shaped his assertions into arguable claims of ineffective assistance of plea counsel, and also liberally construed his factual allegations. Now, some backgrounds in order. Mr. Cobin was arrested for possession of cannabis. His arrest came after a routine traffic stop that was arguably prolonged by an officer who had a mere hunch that, if searched, Mr. Cobin might be found with cannabis or a firearm. The state charged Mr. Cobin with two counts of unlawful possession of cannabis that was intended to deliver in simple possession. The state later proceeded to a pretrial motion to suppress. The trial court denied it. Ultimately, Mr. Cobin pleaded guilty to one count of simple, unlawful possession of cannabis, and he did not take a direct appeal. In Mr. Cobin's petition, he raised basically two claims of arguable ineffective assistance of plea counsel. Now, at the first stage of proceedings, this court knows that this threshold to get past into the second stage is low. In particular, Mr. Cobin needed to suggest that it was arguable that plea counsel's performance fell below the objective standard of reasonableness, and also that it was arguable that plea counsel's performance prejudiced Mr. Cobin. Now, in the briefs, we identify at least two contentions of arguable ineffective assistance. One was that plea counsel arguably erred by misadvising Mr. Cobin about the maximum possible sentence he faced. The other was that plea counsel arguably erred by advising Mr. Cobin to abandon his right to a direct appeal. We'll take the first one first, regarding the maximum possible sentence. In the petition, Mr. Cobin said that he was, you know, told that he was facing two possible convictions for possession of cannabis. However, it is clear that he only had this one bag in his pocket. What about the state's position that we have a separate case, and they seem to argue that there may be one count and no consecutive sentencing in this particular case, but this individual is facing two sentences? Sure. I think that if that were true, and it's not what his assertion actually says. His assertion, I think, is vague, and so we have construed it liberally to mean, you know, what we have argued. But if the state's position is correct, and if this is what Mr. Cobin actually said, then, yes, his claim would be rebutted by the record, because clearly part of his negotiated plea was to have his sentences run consecutively with a separate matter. But I don't think it's the case that he's arguing that. I think that's an unusual interpretation, and I think that requires a construction of his actual words. They are not liberal. In fact, they just sort of run straight into the state's assertion that we should affirm, you should affirm in this instance. So, yeah. What about the issue of waiver? They didn't file a motion to withdraw his guilty plea, didn't say that he would have guilty but for? So my understanding of this rule is that an instance where a petitioner alleges a record error filing a guilty plea and then fails to file a post-trial motion, withdraw a guilty plea, and then proceeds into post-conviction petition area, then those errors are waived. However, Mr. Cobin did not take a direct appeal. So that narrow rule doesn't apply in his instance in this case. You know, he never raises the issue of the failure to file a motion to suppress, which really was his best argument, right? So I think he doesn't say the words failure to file a motion to suppress, but I think the petition is replete with references about complaints about the officer's behavior during the stop and the search. You know, and under the, you know, under the Post-Conviction Hearing Act at the first stage, the petitioner just needs to allege facts, doesn't need to come up with a legal theory. The initial onus to come up with a legal theory is on the trial court in liberal construction, and then if the petition is denied, then of course counsel steps in. And I think it's a fair characterization of the petition to say that Mr. Cobin's behavior during the stop and search happened at the search and seizure and quite upset that the case wasn't kicked for exactly that reason. Maybe you read this petition a little differently than I do, but all of those things you just mentioned really aren't in there. Oh, I don't know. So I'm looking at the petition on page RC107, and he says expressly, when Officer Itell wrote the ticket and dismissed us, another officer pulled up and stated we got to search this cop. So that's sort of the exact issue with regard to the infamous role. But he doesn't say that there was anything wrong with that. Yes, I don't think he's just simply recounting facts. He is saying my Fourth Amendment rights were violated. I don't know exactly how to go about, and I think this court appreciates the thicket of Fourth Amendment law, but what Mr. Cobin is doing is simply identifying facts that bother him about his case. And it turns out these facts map very nicely onto the impermissible prolonging part of Fourth Amendment law, where there was a legitimate stop, a stop sign was rolled, the officer was handing the driver the ticket, and this other officer said, hold on a second. I heard about this guy. Yeah, exactly, exactly. There was an arrest 11 months ago. I happened to have towed the car and read the police report, and I bet you something's going to happen. It turns out something did happen. But I think that the facts that Mr. Cobin is complaining about fit very neatly into the impermissible prolonging doctrine. So that's just the first error, and that's the error portion of the ineffective assistance test. The second error is that plea counsel arguably erred by advising Mr. Cobin to abandon his right to a direct appeal. The assertion at issue is, from the petition, plea counsel stated at my last court date that if I did not take the one-year offer that the state would win. So on appeal, we acknowledge that the phrase would win is ambiguous. And what we say is that we should liberally construe that phrase to include the direct appeal, particularly where the errors are identified, the maximum possible sentence, or the so-called maximum possible sentence, and the so-called valid Fourth Amendment stop. Those errors would be rational ones to pursue. These are not the kind of errors you just want to kick to the curb and forget about. That, of course, dovetails with the arguable prejudice problem. Again, under Fourth Amendment law, and particularly under 1 Act 1 crime law, these are the sorts of errors that would be addressed on direct appeal. And so if Mr. Cobin's foregoing a trial because he's worried about convictions not merging, that's not an issue. If Mr. Cobin is thinking I should forego a direct appeal because my Fourth Amendment issue is a total loser, that's not true. Under the circumstances, he's alleged arguable claims of ineffective assistance, arguable claims of prejudice, and we think that he has met this low threshold. So to be clear, Mr. Cobin does not claim that he has definitively proven his allegations. Full stop. He has not proven it. But he does stress he wasn't required to do so at this stage. He only argues that he's met this low threshold, and he asks his court to take a lenient eye, allowing his case to proceed, so that an attorney down at the second stage can help him shape his claims and do whatever attorneys do best. Mr. Cobin needs it. Mr. Cobin respectfully asks that you reverse this Court's summary dismissal and remand the second stage proceedings. Thank you, counsel. May it please the Court, counsel. Good afternoon, Your Honors. My name is John Zimmerman. I'm from the Phillip District Appellate Prosecutor's Office. Okay. We're just helping with the backlog. So in this case, in the post-conviction petition, at least on appeal from that, Appellate Counsel focuses on this one statement. Defense Counsel stated on my last court date that if I did not take the one-year offer, that the State would seek consecutive terms and would win, is what he said. But that was a threat. Also, they would seek four extended terms. The State fails to see how that is any gist of a constitutional claim. As Your Honor noted, in regards to the consecutive sentences, the defendant was being sentenced in a separate case that was pending, and he will be sentenced consecutively. He was, in fact, sentenced consecutively. As a result, trial counsel informing defendant of this fact is not an effective assistance of counsel in any way. And nonetheless, the statement in this post-conviction petition is not a gist of a constitutional claim. Further, when he said the State would win, the most reasonable explanation of that statement is if you go to trial, because you just lost this motion to suppress, the State will likely win. And informing a client of what is the most likely outcome of the trial that he will lose is not an effective assistance of counsel. But considering the very low threshold that we have and the fact that you and Defense Counsel are arguing about the very meaning of this context, don't you think he's entitled to have counsel appointed to more fully flesh this out? Because we do have this dispute. The State acknowledges that, Your Honor, but a defendant is not... Acknowledges but won't concede. The defendant is not excused from providing the factual detail regarding these alleged constitutional violations. And this sole statement that he relies upon, even when you look at the other allegations in here, there's nothing of merit, and it's clearly contradicted by the record in this case, based upon what I just previously argued. Well, the statement that you read, though, if you look at it and you consider that maybe he's talking about this one case, the case, the context of the case that they're talking about, this one case. If I didn't take the one-year offer, meaning one year in this case, that the State would seek consecutive terms, that's very vague as far as what does that mean, consecutive terms on what? Because you're talking about a one-year offer in potentially one case, right? Yes. So what's this consecutive term thing about, which is what Justice Goldenhurst was asking about? There are two charges in this case. Right, in this case, but then there's this other. So was there a deal for one year and a dismissal? In this other case? No, in this case where there are two charges, it says if you do not take the one-year offer, presumably that's one year on one case, then it seems like they're saying they'll go for two charges and can seek consecutive terms, all in the context of this one felony number. Excluding this other thing. Yes. So it seems to me that that's a reasonable, I mean, we don't say that it's one year and they'll dismiss the other, but it seems reasonable that that's also the implication. That is another potential implication, Your Honor. Also in appellate counsel's brief, which I have over there, there was an issue. He had actual possession of cannabis in his pocket, and there was some testimony at the motion to suppress hearing regarding there being other cannabis inside the car. So there could have also been an additional charge brought in this case based on constructive possession. Yes, but we don't have any idea from the record that that's what was being discussed. And that's my point, is this is really so vague that you guys, you guys, I apologize, the State and the defendant are arguing over its meaning. That causes some concern in my mind. But I'm also interested in this failure to seek a motion, an appeal on the motion to suppress. Do you think that's alleged anywhere in the petition? From my review of the petition, I do not see how it would be alleged with any. There's an ineffectiveness of counsel claim, but if you look at that claim, it's just regarding a witness who would testify that a different officer initiated the initial stop or something along those lines. I don't see how any of that relates to filing the appeal for the motion to suppress. So the State further contests that. Obviously, there was no gist of the constitutional claim at this first stage. Going forth towards the second issue, appellate counsel alleged that plea counsel was arguably ineffective for advising defendant to abandon his rights to direct appeal. Again, that is somewhat tied into what you just asked me. Again, the petition is just completely absent from anything alleging that. He is liberally construing it. I would say he's extremely liberally construing it. I think in his reply brief, he also states defendant made Fourth and Fifth Amendment violations. But you have to have some type of factual detail to those that are not so vague. They need to actually state the gist of a constitutional claim. They can't just be random factual statements. And then this court or appellate counsel can liberally construe them to evolve where they would like them to state. So in regards to the defendant's post-conviction petition, it is completely barren of any allegations of a gist of the constitutional claim. A lot of the allegations are contradicted by the record or based on indisputably meritless legal theories. If there's no further questions, by your honors, the state would ask this court to affirm. Thank you. Thank you, counsel. Just briefly, I think that Justice Spade's questions sort of hit the matter right on the nose, which is that it's not so vague that there's no words on the page. He's talking about would-win. He's talking about Fourth Amendment violations. And the petitioner doesn't need to be a lawyer, and he certainly isn't one. And so we have construed his petition to allege arguable claims of ineffective assistance of plea counsel concerning counsel's advice. And I don't think that the state has offered this court any reason to affirm. Respectfully, Mr. Coburn asks that this court reverse the matter for second-stage proceedings where appointing counsel could help him shape this petition. Thank you.